In the Matter of P. J. HOLLORAN COMPANY, LAUNDERERS, a corporation, Bankrupt.

No. 72 B 1216(2).

United States District Court, E. D. Missouri, E. D.

May 3, 1973.

Phillips B. Sachs, Clayton, Mo., for petitioning creditors, St. Clair Laundry & Dry Cleaning Co., Inc., Universal Premium Acceptance Corp., and Arthur A. Blumeyer, an indiv.

Don B. Sommers, St. Louis, Mo., for P. J. Holloran Co.

## MEMORANDUM AND ORDER

REGAN, District Judge.

This is a contested bankruptcy proceeding. Three petitioners allege that they are creditors of P. J. Holloran Company, Launderers (Holloran) who hold provable claims fixed as to liability and liquidated in amount. The act of bankruptcy is an alleged preferential transfer made while insolvent to a creditor not entitled to priority in payment. Holloran has specifically denied insolvency as well as the other material allegations of the petition.

One of the petitioning creditors, St. Clair Laundry & Dry Cleaning Company, Inc., is a competitor of Holloran. Together with the other two petitioners, it moved for an order compelling discovery. The discovery sought was a virtual dragnet of all books and records of Holloran, obviously information of value to a competitor. Holloran contends that some or all of the petitioners are not proper claimants, so that in view of the circumstances we deferred ruling on the motion to compel discovery pending the determination of the right of petitioners to prosecute this proceeding.

We first consider the claim of St. Clair Laundry & Dry Cleaning Company, Inc. This claim purports to be based on the sale of five laundry accounts and six laundry baskets to Holloran on December 15, 1971. It appears from the evidence that Acme Laundry and Towel Service, having decided to liquidate, sold its accounts (and the laundry baskets) to St. Clair in early December, 1971. The "accounts" are simply the names of customers which Acme had serviced (that is, had laundered their linens for a fee) and which a purchaser would hope to continue to service, although having no assurance that he would be accepted by the customer.

St. Clair contends that it resold the "accounts" and laundry baskets to Holloran pursuant to an oral agreement. It is the position of Holloran, and we find it to be a fact, that although Holloran tentatively agreed to purchase some (but not all) of the five Acme accounts and the baskets, this agreement was specifically "contingent", that is, conditioned upon the formation and continued existence of an association of competing launderers to which St. Clair would remain a party, the purpose of the association being to stabilize (or fix and maintain) prices of laundry services and limit competition. However, before anything was to be paid by Holloran, St. Clair withdrew from the fledgling organization while it was still in its formative stages, preventing the achievement of the purpose for which Holloran had entered into the purchase agreement. Holloran was thereby relieved from any obligation under its tentative agreement of purchase, and neither St. Clair nor any other laundry was prevented from soliciting or servicing any of the so-called "accounts."

It is our view under all the circumstances of record that the agreement by Holloran to make the purchase was expressly conditioned upon the existence of a viable organization with St. Clair as a member which would protect Holloran from competition from others. St. Clair's decision to abandon the associa-

tion constituted a repudiation of the tentative agreement. It does not comport with reason or law to permit an alleged creditor to join in a petition and place a company in bankruptcy if it be found (as we have) that the petitioner has no legitimate claim which could be ultimately allowed. It follows that since St. Clair does not have a claim at all it may not act as a petitioner creditor. Having so found, it is unnecessary to consider whether disputes relating to the claims of the other two petitioning creditors preclude them from acting as such.

Accordingly, it is hereby ordered that the petition in bankruptcy be and the same is hereby dismissed.